Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2089 | **DATE** | 9/17/2001 |
| **CASE TITLE** | US ex rel. Jackson vs. Pierson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Respondent's motion (Doc 21-1) to dismiss the petition for habeas corpus, is granted.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| | Notices mailed by judge's staff. | | | SEP 18 2001 date docketed | |
| | Notified counsel by telephone. | | | | |
| ✓ | Docketing to mail notices. | | | | 25 |
| ✓ | Mail AO 450 form. | | FOR DOCKETING 01 SEP 17 PM 3:16 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | SCT | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHRISTOPHER V. JACKSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MARK PIERSON, )<br>)<br>Respondent. ) | 01 C 2089 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on Respondent Mark Pierson's motion to dismiss the Petitioner Christopher Jackson's Petition for Writ of Habeas Corpus. For the reasons set forth below, the motion is granted.

### BACKGROUND

Petitioner Christopher Jackson ("Jackson") was convicted of armed robbery in the Circuit Court of Will County, Illinois. He was given a 24-year sentence, which he appealed. On July 2, 1997, the Third District Appellate Court affirmed both Jackson's conviction and his sentence. On October 1 of that year, the Illinois Supreme Court denied Jackson's petition for leave to appeal. Jackson then had 90 days, or until

25

December 30, 1997, in which to file a petition for certiorari with the United States Supreme Court. He chose not to file that petition.

On March 27, 1998, Jackson began to launch collateral attacks on the Will County action by filing his first Petition for Postconviction Relief, the denial of which was affirmed by the Illinois Supreme Court on May 31, 2000. He also filed a petition for relief from judgment on May 24, 1999, and a second Petition for Postconviction Relief in late November 2000. Finally, Jackson filed a petition with this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 23, 2001. That petition was dismissed on April 17, 2001 and subsequently reinstated on May 30.

The State now argues that under the provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(2), Jackson's March 23 filing was untimely filed and that we must thus dismiss it.

## DISCUSSION

The AEDPA provides that state prisoners have one year in which to file an application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This limitations period is temporarily suspended, or tolled, during the pendency of "post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). A petition filed beyond the one-year deadline, even by as little as

2 days, is untimely and must be dismissed. Horton v. United States, 244 F.3d 546, 551 (7th Cir. 2001).

The one-year period in this case commenced on December 30, 1997, the last date on which Jackson could have filed a petition with the U.S. Supreme Court to seek direct review of the actions of the Illinois state courts. On that date, then, "the judgment became final by...the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A); Gutierrez v. Schomig, 233 F.3d 490, 491-492 (7th Cir. 2000). Seventy-six of Jackson's 365 days expired between December 30 and March 27, when Jackson filed his collateral attack on his conviction. This filing tolled the limitations period until the final resolution of Jackson's collateral attack on May 31, 2000. 28 U.S.C. § 2244(d)(2).

The May 31 denial of Jackson's postconviction relief restarted the limitations period, and we need not tack on another 90 days for potential review by the U.S. Supreme Court. Gutierrez, 233 F.3d at 491-492. Jackson acknowledges that his second and third postconviction filings did not further toll the limitations period. Even if he had not, we would be unable to look beyond his initial petition. Under the Illinois Post-Conviction Hearing Act, courts faced with multiple filings will consider the first claim for postconviction relief only unless it contains some fundamental deficiency. 725 Ill. Comp. Stat. 5/122-3; People v. Free, 522 N.E.2d 1184, 1188 (Ill. 1988).

Jackson's initial filing did not contain such a deficiency, and neither of his later motions claimed to correct one. As such, we may not take them into consideration for limitations purposes or any other. Free, 522 N.E.2d at 1188-1189.

Jackson argues in his response that May 31, 2000, the date on which his postconviction claim was ultimately denied, should be the beginning of his one-year period, but he misunderstands the nature of tolling. To toll a limitations period is to temporarily suspend it, not to stop and restart from the beginning. See Black's Law Dictionary 1488 (6th ed. 1990). As stated, rather, the clock started again from where it had stopped and Jackson had 289 days in which to file his habeas petition. He filed on March 23, 2001, 295 days after the Illinois Supreme Court's decision. He therefore fell outside the one-year limit imposed by the AEDPA, and his petition is time-barred.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Petition for Habeas Corpus is granted.

Charles P. Kocoras
United States District Judge

Dated: September 17, 2001